UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTON ANDREYEVICH IAGOUNOV,

                    Petitioner,

        -against-

U.S. MARSALS SERVICE (USMS), et al.,

                    Respondent.

26-CV-3073 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who was allegedly incarcerated in the Nevada Southern Detention Center as a federal prisoner when he commenced this action but who does not currently appear in the Federal Bureau of Prisons ("BOP") Inmate Locator search engine, brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, seeking to challenge the legality and conditions of his federal pretrial detention.[1] For the following reasons, the Court transfers this action to the United States District Court for the District of Nevada.

In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction to consider a *habeas corpus* petition challenging a petitioner's physical confinement generally lies with the federal district court for the  district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). The petition suggests that when Petitioner commenced this action, he was confined at Nevada Southern Detention Center, which is located within the District of Nevada.

---

[1] The petition is dated April 6, 2026, and the envelope in which the petition was mailed to the court indicates that it was mailed from Nevada Southern Detention Center. The BOP's Inmate Locator, however, indicates that Petitioner was not in BOP custody as of March 6, 2026, a month before the date on the petition.

Petitioner explains that he filed the petition with this court because, he says, his immediate custodian is Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn"). MDC Brooklyn is not located in this judicial district; rather, it is located within the Eastern District of New York. *See* 28 U.S.C. § 112. Thus, to the extent that Petitioner is correct that his immediate custodian is a BOP official assigned to MDC Brooklyn, this court would not be appropriate venue for this *habeas corpus* proceeding.

It nevertheless appears evident that such an official is not Petitioner's immediate custodian, as BOP's Inmate Lookup shows that he is not incarcerated there now or at the time he filed his petition. In fact, BOP's Inmate Locator indicates that Petitioner is not currently in BOP's custody at all.

It also appears that Petitioner is a named defendant in federal criminal actions pending in the District of Nevada and the Eastern District of California. *See United States v. Iagounov*, No. 25-CV-0017 (ART) (CSD) (D. Nev.); *United States v. Iagounov*, No. 24-CR-0101 (DJC) (E.D. Cal. Feb. 14, 2025). In the action in the Eastern District of California, by judgment dated February 14, 2025, Petitioner was convicted of four counts of false personation of an officer or employee of the United States and was sentenced to a 27-month term of imprisonment. Petitioner appealed from that judgment, and on March 17, 2026, the Ninth Circuit affirmed the judgment. *See United States v. Iagounov*, No. 25-1052 (9th Cir. Mar. 17, 2026). By contrast, the criminal action against Petitioner in the District of Nevada, in which he is charged with 15 counts of false information and hoax under 18 U.S.C. § 1038(a), remains pending.

Because it is clear that this court is an improper venue for this action, it is unclear where Petitioner is currently confined, and Petitioner has a pending federal criminal action in the

District of Nevada, the Court transfers this petition to the United States District Court for the

District of Nevada, in the interests of justice. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner at the address he

provided in his petition. The Clerk of Court is further directed to transfer this action to the United

States District Court for the Nevada. Whether Petitioner should be permitted to proceed further

without payment of fees is a determination to be made by the transferee court. This order closes

this action in this court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the

purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 29, 2026
          New York, New York

                    /s/ Laura Taylor Swain
                    LAURA TAYLOR SWAIN
                    Chief United States District Judge

3